**Virgilio Lozano INGA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72031.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., John L. Davis, Patricia K. Buchanan, Esq., DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM **

Virgilio Lozano Inga, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution based on political opinion. Petitioner's single encounter with two

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

members of the Shining Path, where they spoke to him over a fence and did not harm him, did not rise to the level of past persecution. *See id.* at 481–82, 112 S.Ct. 812. The guerrillas did no more than try to solicit money from him and recruit him into their army, and there is no evidence that this encounter was motivated by an actual or imputed political opinion. *See id.*

Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, petitioner does not make out a CAT claim because mistreatment by non-govnernmental entities does not qualify as torture under the Convention. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marshall G. Whitehead, P.C., Phoenix, AZ, for Petitioner.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule36–3.